WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
KAITLIN E. PRESTON (315631)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
E-mail: kpreston@wilsonturnerkosmo.com
E-mail: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: '22CV0134 CAB JLS<br><br>**DECLARATION OF KAITLIN E. PRESTON IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441(a), 1446]**<br><br>Complaint Filed: December 27, 2021 |

I, KAITLIN E. PRESTON, declare as follows:

1.      I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Southern District of California, and am an Associate with Wilson Turner Kosmo LLP, attorneys for Defendant Ford Motor Company ("Ford"). I am a member in good standing with the State Bar of California.

2.      I have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

3.     This declaration is submitted in support of Ford's Notice of Removal to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441, and 1446.

4.     In executing this declaration, I do not intend, and Ford has not authorized me, to waive any protectives or privileges Ford may have as to proprietary, trade secret, and/or confidential information, or to waive Ford's attorney-client privilege as to any of its communications or to waive the work-product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

5.     Attached as **Exhibit A** is a true and correct copy of Plaintiff's summons and Complaint.

6.     Attached as **Exhibit B** is a true and correct copy of Ford's 2019 Form 10-K filing.

7.     Attached as **Exhibit C** is a true and correct copy of the invoice for the Subject Vehicle.

8.     Attached as **Exhibit D** is a true and correct copy of Defendant's Answer to Plaintiff's Complaint.

9.     Wilson Turner Kosmo LLP has extensive experience litigating consumer and product liability lawsuits throughout California in both state and federal courts. My firm has represented several vehicle manufacturers in cases involving violations of the Song-Beverly Consumer Warranty Act. Specifically, we have represented vehicle manufacturers in more than 4,000 of such lawsuits.

10.     Song-Beverly allows for the recovery of attorney's fees and costs to the prevailing party pursuant to California Civil Code Section 1794(d). In my experience litigation such cases, plaintiff's counsel routinely seek attorney's fee awards based on an hourly fee of $500, and the total amount of attorney's fees in warranty matters brought pursuant to Song-Beverly regularly exceed $15,000.00.

///

2           Case No.

DECLARATION OF KAITLIN E. PRESTON IN SUPPORT OF DEFENDANT
FORD MOTOR COMPANY'S NOTICE OF REMOVAL

11.    A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal and known to Ford are attached hereto as **Exhibit E**. I am informed and believe that no other process, pleadings, or orders have been filed, served, or received by Ford in this case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and, if called as a witness, I could and would so testify.

Executed January 31, 2022, in San Diego, California.

By:    */s/  Kaitlin E. Preston*
Kaitlin E. Preston

**EXHIBITS-TABLE OF CONTENTS**

| Exhibit Number | Description | Page Numbers |
|---|---|---|
| A. | Summons and Complaint | 4 - 13 |
| B. | Ford's 2019 Form 10-K filing | 14 - 16 |
| C. | Sales Invoice | 17 - 18 |
| D. | Ford's Answer To Complaint | 19 - 25 |
| E. | All other process, pleadings, and orders | 26 - 50 |

3          Case No.
DECLARATION OF KAITLIN E. PRESTON IN SUPPORT OF DEFENDANT
FORD MOTOR COMPANY'S NOTICE OF REMOVAL

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual | **FOR OFFICE USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/27/2021** at 01:50:09 PM<br>Clerk of the Superior Court<br>By Erika Engel,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: County of SAN DIEGO  Superior Court<br>*(El nombre y dirección de la corte es):*<br><br>Hall of Justice , 330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*  37-2021-00053770-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Y. Jacobson, Esq. and Athena Nguyen, Esq.,; QUILL & ARROW, LLP; 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

| DATE:  12/28/2021<br>*(Fecha)* | Clerk, by  *E. Engel*<br>*(Secretario)*  E. Engel | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FORD MOTOR COMPANY, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

1

**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)

2
kjacobson@quillarrowlaw.com
Athena Nguyen, Esq. (SBN 331265)

3
anguyen@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300

4
Los Angeles, CA, 90024

5
Telephone:     (310) 933-4271
Facsimile:     (310) 889-0645

6
E-mail:          e-service@quillarrowlaw.com

7

8
Attorneys for Plaintiffs,
**FRANCISCO J. RODRIGUEZ AND**
**MARTHA Y. ABARCA DE RODRIGUEZ**

9

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2021** at 01:50:09 PM
Clerk of the Superior Court
By Erika Engel,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

10
COUNTY OF SAN DIEGO

11

12

13
FRANCISCO J. RODRIGUEZ, an
individual, and MARTHA Y. ABARCA

14
DE RODRIGUEZ, an individual,

15
              Plaintiffs,

16
       vs.

17
FORD MOTOR COMPANY, a Delaware
Corporation, and DOES 1 through 10,

18
inclusive,

19

20
              Defendants.

21

Case No.:   37-2021-00053770-CU-BC-CTL
Unlimited Jurisdiction

**COMPLAINT**

1.  **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**

2.  **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**

3.  **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2**

22

23

24

25

26

27

28

COMPLAINT

Plaintiffs, FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual, allege as follows against Defendant FORD MOTOR COMPANY, a Delaware Corporation ("FORD MOTOR COMPANY"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

### DEMAND FOR JURY TRIAL

1.  Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ, hereby demand trial by jury in this action.

### GENERAL ALLEGATIONS

2.  Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ, are individuals residing in the City of San Isidro, State of California.

3.  Defendant, FORD MOTOR COMPANY, is and was a Delaware Corporation operating and doing business in the State of California.

4.  These causes of causes of action arise out of warranty and repair obligations of FORD MOTOR COMPANY in connection with a vehicle Plaintiffs purchased and for which FORD MOTOR COMPANY issued a written warranty. The warranty was not issued by the selling dealership.

5.  Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.  All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.  Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and



1    omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief
2    prayed for herein.

3            8.      On May 28, 2020, Plaintiffs purchased a new 2020 Ford Explorer, having VIN No.:
4    1FMSK7DH7LGB54028 ("the Subject Vehicle"). Express warranties accompanied the sale of the
5    Subject Vehicle to Plaintiffs by which FORD MOTOR COMPANY undertook to preserve or
6    maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a
7    failure in such utility or performance.

8            9.      FORD MOTOR COMPANY warranted the Subject Vehicle and agreed to preserve
9    or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was
10   a failure in such utility or performance.

11         10.    The Subject Vehicle was delivered to Plaintiffs with serious defects and
12   nonconformities to warranty and developed other serious defects and nonconformities to warranty
13   including, but not limited to, transmission system defects.

14         11.    Plaintiffs hereby revoke acceptance of the sales contract.

15         12.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil
16   Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for
17   family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

18         13.    Plaintiffs are the "buyers" of consumer goods under the Act.

19         14.    Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor"
20   under the Act.

21         15.    Plaintiffs hereby demand trial by jury in this action.

22                     **FIRST CAUSE OF ACTION**

23           **Violation of the Song-Beverly Act – Breach of Express Warranty**

24         16.    Plaintiffs incorporate herein by reference each and every allegation contained in the
25   preceding and succeeding paragraphs as though herein fully restated and re-alleged.

26         17.    Express warranties accompanied the sale of the vehicle to Plaintiffs by which FORD
27   MOTOR COMPANY undertook to preserve or maintain the utility or performance of Plaintiffs'
28   vehicle or to provide compensation if there was a failure in such utility or performance.

**COMPLAINT**

QUILL&ARROW·LLP
ATTORNEYS AT LAW

18.     The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, transmission system defects.

19.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

20.     Plaintiffs are the "buyers" of consumer goods under the Act.

21.     Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor" under the Act.

22.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

23.     Plaintiffs delivered the vehicle to an authorized FORD MOTOR COMPANY repair facility for repair of the nonconformities.

24.     Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

25.     Notwithstanding Plaintiffs' entitlement, Defendant FORD MOTOR COMPANY has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26.     By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27.     Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

28.     Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29.     Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

- 4 -

**COMPLAINT**

QUILL&ARROW·LLP
ATTORNEYS AT LAW

1   incurred in connection with the commencement and prosecution of this action.

2       30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled,

3   in addition to the amounts recovered, a civil penalty of up to two times the amount of actual

4   damages for FORD MOTOR COMPANY's willful failure to comply with its responsibilities under

5   the Act.

6               **SECOND CAUSE OF ACTION**

7      **Violation of the Song-Beverly Act – Breach of Implied Warranty**

8       31.    Plaintiffs incorporate herein by reference each and every allegation contained in the

9   preceding and succeeding paragraphs as though herein fully restated and re-alleged.

10      32.    FORD MOTOR COMPANY and its authorized dealership at which Plaintiffs

11   purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of

12   sale of the subject vehicle.  The sale of the Subject Vehicle was accompanied by implied warranties

13   provided for under the law.

14      33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an

15   implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

16      34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are

17   used because it was equipped with one or more defective vehicle systems/components.

18      35.    The Subject Vehicle did not measure up to the promises or facts stated on the

19   container or label because it was equipped with one or more defective vehicle systems/components.

20      36.    The Subject Vehicle was not of the same quality as those generally accepted in the

21   trade because it was sold with one or more defective vehicle systems/components which manifested

22   as transmission system defects.

23      37.    Upon information and belief, the defective vehicle systems and components were

24   present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

25   warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

26   applicable laws.

27      38.    Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under

28   Civil Code, section 1794, *et seq*.

- 5 -

**COMPLAINT**

QUILL&ARROW·LLP
ATTORNEYS AT LAW

39.     Plaintiffs hereby revoke acceptance of the Subject Vehicle.

40.     Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

41.     Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

42.     Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

43.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.     Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45.     Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46.     Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47.     The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical system.

48.     Plaintiffs delivered the subject vehicle to FORD MOTOR COMPANY's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

- 6 -

**COMPLAINT**

49. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and FORD MOTOR COMPANY has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

51. Plaintiffs hereby revoke acceptance of the subject vehicle.

52. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FORD MOTOR COMPANY has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///
///
///

1

## **PRAYER FOR RELIEF**

2   WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

3   1.   For general, special, and actual damages according to proof at trial;

4   2.   For rescission of the purchase contract and restitution of all monies expended;

5   3.   For diminution in value;

6   4.   For incidental and consequential damages according to proof at trial;

7   5.   For civil penalty in the amount of two times Plaintiffs' actual damages;

8   6.   For prejudgment interest at the legal rate;

9   7.   For reasonable attorney's fees and costs of suit; and

10   For such other and further relief as the Court deems just and proper under the circumstances.

11

12   Dated:   December 27, 2021

**QUILL & ARROW, LLP**

13

14   Kevin Y. Jacobson, Esq.

15   Attorney for Plaintiffs,

16   **FRANCISCO J. RODRIGUEZ**
   **MARTHA Y. ABARCA DE RODRIGUEZ**

17

18   Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE

19   RODRIGUEZ, hereby demand trial by jury in this action.

20

21

22

23

24

25

26

27

28

- 8 -
**COMPLAINT**

EXHIBIT B

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM 10-K**

☑ Annual report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934
**For the fiscal year ended December 31, 2019**

or

☐ Transition report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934
For the transition period from _____ to _____
**Commission file number 1-3950**

# Ford Motor Company

*(Exact name of Registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **38-0549190** |
| *(State of incorporation)* | *(I.R.S. Employer Identification No.)* |

| | |
|---|---|
| **One American Road** | |
| **Dearborn, Michigan** | **48126** |
| *(Address of principal executive offices)* | *(Zip Code)* |

**313-322-3000**
*(Registrant's telephone number, including area code)*

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Trading symbols | Name of each exchange on which registered |
|---|---|---|
| Common Stock, par value $.01 per share | F | New York Stock Exchange |
| 6.200% Notes due June 1, 2059 | FPRB | New York Stock Exchange |
| 6.000% Notes due December 1, 2059 | FPRC | New York Stock Exchange |

**Securities registered pursuant to Section 12(g) of the Act:**  None.

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☑  No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐  No ☑

Indicate by check mark if the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☑  No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).  Yes ☑  No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or emerging growth company.  See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

Large accelerated filer ☑   Accelerated filer ☐   Non-accelerated filer ☐   Smaller reporting company ☐
Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).  Yes ☐ No ☑

As of June 28, 2019, Ford had outstanding 3,918,987,194 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($10.23 per share), the aggregate market value of such Common Stock was $40,091,238,995.  Although there is no quoted market for our Class B Stock, shares of Class B Stock may be converted at any time into an equal number of shares of Common Stock.  The shares of Common Stock and Class B Stock outstanding at June 28, 2019 included shares owned by persons who may be deemed to be "affiliates" of Ford.  We do not believe, however, that any such person should be considered to be an affiliate.  For information concerning ownership of outstanding Common Stock and Class B Stock, see the Proxy Statement for Ford's Annual Meeting of Stockholders currently scheduled to be held on May 14, 2020 (our "Proxy Statement"), which is incorporated by reference under various Items of this Report as indicated below.

As of January 31, 2020, Ford had outstanding 3,894,078,249 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($8.82 per share), the aggregate market value of such Common Stock was $34,345,770,156.

## DOCUMENTS INCORPORATED BY REFERENCE

| Document | Where Incorporated |
|---|---|
| Proxy Statement* | Part III (Items 10, 11, 12, 13, and 14) |

---

\* As stated under various Items of this Report, only certain specified portions of such document are incorporated by reference in this Report.

Exhibit Index begins on page

84

EXHIBIT B - 15

# EXHIBIT C

1/4/2022      Vehicle Invoice

| DEALER | 71B 102 | | VIN | 1FMSK7DH7LGB54028 |
|---|---|---|---|---|

| | | Suggested Retail Price | Invoice Amount |
|---|---|---|---|
| | K7D3 EXPLORER XLT RWD | 36675.00 | 35208.00 |
| | 2020 MODEL YEAR | | |
| UM | AGATE BLACK METALLIC | | |
| S6 | EBONY ACTIVEX SEAT MTRL | | |
| | INCLUDED ON THIS VEHICLE | | |
| | EQUIPMENT GROUP 202A | 5140.00 | 4831.00 |
| | REMOTE START SYSTEM | | |
| | 8-WAY POWER PASSENGER SEAT | | |
| | OPTIONAL EQUIPMENT/OTHER | | |
| | .18" 5-SPOKE PAINTED ALUM WHLS | | |
| 99H | .2.3L I4 ECOBOOST ENGINE | NC | NC |
| 44T | .10-SPEED AUTO TRANSMISSION | NC | NC |
| | .P255/65R18 A/S BSW TIRES | | |
| | JOB #2 ORDER | | |
| 17U | 2ND RW SPLT BENCH W/E-Z ENTRY | 495.00 | 465.00 |
| 425 | 50 STATE EMISSIONS | NC | NC |
| 153 | FRONT LICENSE PLATE BRACKET | NC | NC |
| | TOTAL OPTIONS/OTHER | 5635.00 | 5296.00 |
| | TOTAL VEHICLE & OPTIONS/OTHER | 42310.00 | 40504.00 |
| | DESTINATION & DELIVERY | 1195.00 | 1195.00 |
| | TOTAL BEFORE DISCOUNTS | 43505.00 | 41699.00 |
| | ##SPECIAL ADDED DISCOUNTS# | 1000.00- | 940.00- |
| | TOTAL FOR VEHICLE | 42505.00 | |
| | FUEL CHARGE | | 46.36 |
| | CA NEW MTR VEHICLE BOARD FEES | | .65 |
| | SHIPPING WEIGHT   4229 LBS. | | |
| | TOTAL | 42505.00 | 40806.01 |

This Invoice may not reflect the final cost of the vehicle in view of the possibility of future rebates, allowances, discounts and incentive awards from Ford Motor Company to the dealer.

| Sold to | | | | | |
|---|---|---|---|---|---|
| **Ken Grody Ford - Carlsbad**  71B 102 | | | | | |
| **P.O. BOX 1576** | | Order Type | Ramp Code | Batch ID | Price Level |
| **Carlsbad**  **CA 92018** | | **2** | **CE7P** | **KM021** | **020** |
| Ship to (if other than above) | | Date Inv. Prepared | | Item Number | Transit Days |
| | | **12** \| **02** \| **19** | | **71-9595** | **28** |
| | Ship Through | | | | |

| Invoice & Unit Identification NO. | Final Assembly Point | Finance Company and/or Bank |
|---|---|---|
| **1FMSK7DH7LGB54028** | **CHICAGO** | **Ford Motor Credit**   **000001** |

| HB | Invoice Total | A & Z Plan | D Plan | X Plan | FPA | AA |
|---|---|---|---|---|---|---|
| **1239** | **40806.01** | **39325.01** | **39425.01** | **40917.14** | **550.00** | **620.00** |

This invoice to be used for the billing of vehicles only      Dealer's copy

EXHIBIT D

1 | WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
2 | KAITLIN E. PRESTON (315631)
402 West Broadway, Suite 1600
3 | San Diego, California 92101
Telephone: (619) 236-9600
4 | Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
5 | E-mail: kpreston@wilsonturnerkosmo.com
E-mail: warrantyservice@wilsonturnerkosmo.com
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/26/2022** at 05:34:00 PM

Clerk of the Superior Court
By Aida Cruz,Deputy Clerk

7 | Attorneys for Defendant
FORD MOTOR COMPANY
8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF SAN DIEGO**

11

12 | FRANCISCO J. RODRIGUEZ, an individual,
and MARTHA Y. ABARCA DE RODRIGUEZ,
13 | an individual,

Case No.  37-2021-00053770-CU-BC-CTL
[IMAGED]

14 | Plaintiffs,

**DEFENDANT FORD MOTOR
COMPANY'S ANSWER TO
PLAINTIFFS' UNVERIFIED
COMPLAINT**

15 | v.

16 | FORD MOTOR COMPANY, a Delaware
Corporation, and DOES 1 through 10, inclusive,

Complaint Filed: December 27, 2021

17 | Defendants.

Date:
Time:
18 | Dept.:      C-71
Judge:     Hon. Gregory W. Pollack
19 | Trial Date: Not Set

20

21 |     Defendant FORD MOTOR COMPANY ("Defendant") hereby respond to the Complaint

22 | ("Complaint") filed by Plaintiffs FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE

23 | RODRIGUEZ ("Plaintiffs") as follows:

24 |     Pursuant to California *Code of Civil Procedure* section 431.30, Defendant hereby generally

25 | denies each and every allegation in the Complaint and further denies that Plaintiffs has been

26 | damaged in any sum whatsoever.

27 | ///

28 | ///

1

## FIRST AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

Plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business. The contributory negligence and fault of Plaintiffs diminishes any recovery herein.

## THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than this answering Defendant, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than this answering Defendant, diminishes any recovery from this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Any cause of action alleged in the Complaint is barred by the statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 338.1 and 340 and/or Commercial Code section 2725.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was

///

1    proximately caused and contributed to by Plaintiffs' failure to mitigate damages.  Plaintiffs' failure

2    to mitigate damages diminishes any recovery herein.

3                              **SIXTH AFFIRMATIVE DEFENSE**

4                                     **(Estoppel)**

5          Defendant is informed and believes and based thereon alleges that Plaintiffs have engaged in

6    conduct and activities sufficient to estop them from asserting all or any part of the claim set forth in

7    Plaintiffs' Complaint.

8                             **SEVENTH AFFIRMATIVE DEFENSE**

9                                   **(Unclean Hands)**

10         Defendant is informed and believes and based thereon alleges that the claims and relief

11   sought by Plaintiffs are barred by reason of the doctrine of unclean hands.

12                             **EIGHTH AFFIRMATIVE DEFENSE**

13                                     **(Waiver)**

14         Defendant is informed and believes and based thereon alleges that the Plaintiffs have

15   engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract,

16   breach of warranty, negligence or any other conduct as set forth in the Complaint.

17                              **NINTH AFFIRMATIVE DEFENSE**

18                                     **(Laches)**

19         Defendant is informed and believes and based thereon alleges that the Plaintiffs waited an

20   unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so

21   as to prejudice this answering Defendant.  Plaintiffs are therefore guilty of laches and are barred

22   from recovery.

23                              **TENTH AFFIRMATIVE DEFENSE**

24                               **(Failure of Performance)**

25         Defendant is informed and believes and based thereon alleges that any failure to perform the

26   obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by

27   the contract and/or warranty.  Plaintiffs' performance was a condition precedent to the performance

28   of Defendant's obligations.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendants.   Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendants or any of their agents, servants, or employees, thereby barring Plaintiffs' recovery herein.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action for Civil Penalties)

The First Amended Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Civil Penalties)

Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute of limitations contained in the Code of Civil Procedure, specifically, section 340.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

The repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have been done with Plaintiffs' consent.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Abuse or Failure to Maintain)

Plaintiffs are barred from recovery by virtue of Civil Code section 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

///

///

///

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code 1791.1(c)-Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintains a third party dispute resolution process which substantially complies with Civil Code section 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiffs received timely and appropriate notice of the availability of the process.  Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.2 and from recovering civil penalties pursuant to Civil Code section 1794((e).

### NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs failed to provide notice to this answering Defendant pursuant to Civil Code section 1794(e)(3).  Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794((e).

### TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs entered into a binding arbitration agreement with Defendant Ford and/or the dealership from which Plaintiffs purchased the vehicle.  Defendant, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

///

1

## <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

2

### <u>(Economic Loss Rule)</u>

3   Because Plaintiffs cannot establish any physical injury directly resulting from any alleged

4   defect or nonconformity in the subject vehicle, Plaintiffs' claims are barred in whole or in part by the

5   economic loss rule.

6

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

7

### <u>(Prevention of Performance)</u>

8   Because Plaintiffs' actions both prevented and excused Defendant's performance under the

9   Song-Beverly Act and any and all applicable warranties, Plaintiffs' claims are barred in whole or in

10   part by the prevention of performance doctrine.

11

## <u>PRAYER</u>

12   WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

13   1.      That Plaintiffs take nothing by way of their Complaint on file herein;

14   2.      That judgment be entered in favor of Defendant for costs of suit; and,

15   3.      For such other and further relief as the Court may deem just and prosper.

16

17   Dated:      January 26, 2022              **WILSON TURNER KOSMO LLP**

18

19                                    By:   _____

20                                          ROBERT A. SHIELDS
                                            KAITLINE E. PRESTON
21                                          Attorneys for Defendant
                                            FORD MOTOR COMPANY

22

23

24

25

26

27

28

EXHIBIT E

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**FOR OFFICE USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2021** at 01:50:09 PM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: County of SAN DIEGO Superior Court
*(El nombre y dirección de la corte es):*

Hall of Justice , 330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2021-00053770-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin Y. Jacobson, Esq. and Athena Nguyen, Esq.; QUILL & ARROW, LLP; 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

DATE: 12/28/2021                     Clerk, by *E. Engel* , Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FORD MOTOR COMPANY, a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
kjacobson@quillarrowlaw.com
Athena Nguyen, Esq. (SBN 331265)
anguyen@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA, 90024
Telephone:    (310) 933-4271
Facsimile:    (310) 889-0645
E-mail:        e-service@quillarrowlaw.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2021** at 01:50:09 PM
Clerk of the Superior Court
By Erika Engel,Deputy Clerk

Attorneys for Plaintiffs,
**FRANCISCO J. RODRIGUEZ AND
MARTHA Y. ABARCA DE RODRIGUEZ**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  37-2021-00053770-CU-BC-CTL<br>Unlimited Jurisdiction<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br><br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br><br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiffs, FRANCISCO J. RODRIGUEZ, an individual, and MARTHA Y. ABARCA DE RODRIGUEZ, an individual, allege as follows against Defendant FORD MOTOR COMPANY, a Delaware Corporation ("FORD MOTOR COMPANY"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1.      Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ, hereby demand trial by jury in this action.

## GENERAL ALLEGATIONS

2.      Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ, are individuals residing in the City of San Isidro, State of California.

3.      Defendant, FORD MOTOR COMPANY, is and was a Delaware Corporation operating and doing business in the State of California.

4.      These causes of causes of action arise out of warranty and repair obligations of FORD MOTOR COMPANY in connection with a vehicle Plaintiffs purchased and for which FORD MOTOR COMPANY issued a written warranty. The warranty was not issued by the selling dealership.

5.      Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.      All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.      Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and



QUILL & ARROW · LLP
ATTORNEYS AT LAW

1   omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief

2   prayed for herein.

3       8.    On May 28, 2020, Plaintiffs purchased a new 2020 Ford Explorer, having VIN No.:

4   1FMSK7DH7LGB54028 ("the Subject Vehicle"). Express warranties accompanied the sale of the

5   Subject Vehicle to Plaintiffs by which FORD MOTOR COMPANY undertook to preserve or

6   maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a

7   failure in such utility or performance.

8       9.    FORD MOTOR COMPANY warranted the Subject Vehicle and agreed to preserve

9   or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was

10   a failure in such utility or performance.

11       10.    The Subject Vehicle was delivered to Plaintiffs with serious defects and

12   nonconformities to warranty and developed other serious defects and nonconformities to warranty

13   including, but not limited to, transmission system defects.

14       11.    Plaintiffs hereby revoke acceptance of the sales contract.

15       12.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil

16   Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

17   family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

18       13.    Plaintiffs are the "buyers" of consumer goods under the Act.

19       14.    Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor"

20   under the Act.

21       15.    Plaintiffs hereby demand trial by jury in this action.

22   **FIRST CAUSE OF ACTION**

23   **Violation of the Song-Beverly Act – Breach of Express Warranty**

24       16.    Plaintiffs incorporate herein by reference each and every allegation contained in the

25   preceding and succeeding paragraphs as though herein fully restated and re-alleged.

26       17.    Express warranties accompanied the sale of the vehicle to Plaintiffs by which FORD

27   MOTOR COMPANY undertook to preserve or maintain the utility or performance of Plaintiffs'

28   vehicle or to provide compensation if there was a failure in such utility or performance.

**COMPLAINT**

QUILL&ARROW-LLP
ATTORNEYS AT LAW

18.     The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, transmission system defects.

19.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

20.     Plaintiffs are the "buyers" of consumer goods under the Act.

21.     Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor" under the Act.

22.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

23.     Plaintiffs delivered the vehicle to an authorized FORD MOTOR COMPANY repair facility for repair of the nonconformities.

24.     Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

25.     Notwithstanding Plaintiffs' entitlement, Defendant FORD MOTOR COMPANY has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26.     By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27.     Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

28.     Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29.     Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

**COMPLAINT**

QUILL & ARROW · LLP
ATTORNEYS AT LAW

1  incurred in connection with the commencement and prosecution of this action.

2       30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled,

3  in addition to the amounts recovered, a civil penalty of up to two times the amount of actual

4  damages for FORD MOTOR COMPANY's willful failure to comply with its responsibilities under

5  the Act.

6  ## SECOND CAUSE OF ACTION

7  **Violation of the Song-Beverly Act – Breach of Implied Warranty**

8       31.    Plaintiffs incorporate herein by reference each and every allegation contained in the

9  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

10       32.    FORD MOTOR COMPANY and its authorized dealership at which Plaintiffs

11  purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of

12  sale of the subject vehicle.  The sale of the Subject Vehicle was accompanied by implied warranties

13  provided for under the law.

14       33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an

15  implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

16       34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are

17  used because it was equipped with one or more defective vehicle systems/components.

18       35.    The Subject Vehicle did not measure up to the promises or facts stated on the

19  container or label because it was equipped with one or more defective vehicle systems/components.

20       36.    The Subject Vehicle was not of the same quality as those generally accepted in the

21  trade because it was sold with one or more defective vehicle systems/components which manifested

22  as transmission system defects.

23       37.    Upon information and belief, the defective vehicle systems and components were

24  present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

25  warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

26  applicable laws.

27       38.    Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under

28  Civil Code, section 1794, *et seq.*

- 5 -
**COMPLAINT**

QUILL & ARROW · LLP
ATTORNEYS AT LAW

39.     Plaintiffs hereby revoke acceptance of the Subject Vehicle.

40.     Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

41.     Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

42.     Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

43.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.     Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45.     Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46.     Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47.     The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical system.

48.     Plaintiffs delivered the subject vehicle to FORD MOTOR COMPANY's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

- 6 -
**COMPLAINT**

49. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and FORD MOTOR COMPANY has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

51. Plaintiffs hereby revoke acceptance of the subject vehicle.

52. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FORD MOTOR COMPANY has willfully failed to comply with its responsibilities under the Act.

///

///

///

///

///

///

///

///

///

///

**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. For general, special, and actual damages according to proof at trial;

2. For rescission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiffs' actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   December 27, 2021

QUILL & ARROW, LLP

Kevin Y. Jacobson, Esq.
Attorney for Plaintiffs,
**FRANCISCO J. RODRIGUEZ
MARTHA Y. ABARCA DE RODRIGUEZ**

Plaintiffs, FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ, hereby demand trial by jury in this action.

- 8 -
**COMPLAINT**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin Y. Jacobson, Esq. (SBN 320532)
Athena Nguyen, Esq. (SBN 331265)
QUILL & ARROW, LLP
10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024
TELEPHONE NO.: (310) 933-4271    FAX NO. (Optional): (310) 889-0645
E-MAIL ADDRESS: e-service@quillarrowlaw.com
ATTORNEY FOR (Name): Plaintiff: FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE RODRIGUEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2021** at 01:50:09 PM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

CASE NAME:
RODRIGEZ, FRANCISCO J. et al. v. FORD MOTOR COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2021-00053770-CU-BC-CTL JUDGE: Judge Gregory W Pollack DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2.  This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4.  Number of causes of action (specify): 3
5.  This case ☐ is ☑ is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: December 27, 2021

Kevin Y. Jacobson, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00053770-CU-BC-CTL        CASE TITLE: Rodriguez vs Ford Motor Company [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
       **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
       **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _and_
       **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Francisco J Rodriguez et.al. |
|---|

| DEFENDANT(S): Ford Motor Company |
|---|

| SHORT TITLE: RODRIGUEZ VS FORD MOTOR COMPANY [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2021-00053770-CU-BC-CTL |
|---|---|

Judge: Gregory W Pollack                                   Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                  _____
Name of Plaintiff                                Name of Defendant

_____                  _____
Signature                                        Signature

_____                  _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                  _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/28/2021                                _____
                                                 JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Francisco J Rodriguez et.al. |
| --- | --- |
| DEFENDANT(S) / RESPONDENT(S): | Ford Motor Company |

RODRIGUEZ VS FORD MOTOR COMPANY [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
| --- | --- |
| | 37-2021-00053770-CU-BC-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 12/27/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 06/03/2022 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

1   WILSON TURNER KOSMO LLP
    ROBERT A. SHIELDS (206042)
2   KAITLIN E. PRESTON (315631)
    402 West Broadway, Suite 1600
3   San Diego, California  92101
    Telephone:  (619) 236-9600
4   Facsimile:  (619) 236-9669
    E-mail:  rshields@wilsonturnerkosmo.com
5   E-mail:  kpreston@wilsonturnerkosmo.com
    E-mail:  warrantyservice@wilsonturnerkosmo.com
6
7   Attorneys for Defendant
    FORD MOTOR COMPANY
8

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/26/2022 at 05:34:00 PM
Clerk of the Superior Court
By Aida Cruz,Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                         **COUNTY OF SAN DIEGO**

11

12   FRANCISCO J. RODRIGUEZ, an individual,          Case No.   37-2021-00053770-CU-BC-CTL
     and MARTHA Y. ABARCA DE RODRIGUEZ,                         [IMAGED]
13   an individual,
                                                     **DEFENDANT FORD MOTOR**
14                   Plaintiffs,                     **COMPANY'S ANSWER TO**
                                                     **PLAINTIFFS' UNVERIFIED**
15          v.                                       **COMPLAINT**

16   FORD MOTOR COMPANY, a Delaware                  Complaint Filed:  December 27, 2021
     Corporation, and DOES 1 through 10, inclusive,
17                                                   Date:
                     Defendants.                     Time:
18                                                   Dept.:      C-71
                                                     Judge:      Hon. Gregory W. Pollack
19                                                   Trial Date:  Not Set

20

21          Defendant FORD MOTOR COMPANY ("Defendant") hereby respond to the Complaint

22   ("Complaint") filed by Plaintiffs FRANCISCO J. RODRIGUEZ and MARTHA Y. ABARCA DE

23   RODRIGUEZ ("Plaintiffs") as follows:

24          Pursuant to California *Code of Civil Procedure* section 431.30, Defendant hereby generally

25   denies each and every allegation in the Complaint and further denies that Plaintiffs has been

26   damaged in any sum whatsoever.

27   ///

28   ///

                                                   1

1

## FIRST AFFIRMATIVE DEFENSE

2

## (Disclaimer of Warranties)

3    Plaintiffs' cause of action for breach of express warranty and incidental and consequential

4  damages is barred by the express disclaimers and limitations of liability contained in the alleged

5  express warranties.

6

## SECOND AFFIRMATIVE DEFENSE

7

## (Comparative Fault)

8    If Plaintiffs sustained any damages as alleged in the Complaint, such damage was

9  proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner

10  ordinarily expected of a reasonably prudent person in the conduct of their affairs and business.  The

11  contributory negligence and fault of Plaintiffs diminishes any recovery herein.

12

## THIRD AFFIRMATIVE DEFENSE

13

## (Contributory Negligence of Third Parties)

14    If Plaintiffs sustained any damages as alleged in the Complaint, such damage was

15  proximately caused and contributed to by persons and/or parties, other than this answering

16  Defendant, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent

17  persons in the conduct of their affairs and business.  Contributory negligence and fault of persons

18  and/or parties, other than this answering Defendant, diminishes any recovery from this answering

19  Defendant.

20

## FOURTH AFFIRMATIVE DEFENSE

21

## (Statute of Limitations)

22    Any cause of action alleged in the Complaint is barred by the statute of limitations,

23  including, but not limited to, Code of Civil Procedure sections 337, 338, 338.1 and 340 and/or

24  Commercial Code section 2725.

25

## FIFTH AFFIRMATIVE DEFENSE

26

## (Failure to Mitigate Damages)

27    If Plaintiffs sustained any damages as alleged in the Complaint, such damage was

28  ///

proximately caused and contributed to by Plaintiffs' failure to mitigate damages.  Plaintiffs' failure to mitigate damages diminishes any recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and based thereon alleges that Plaintiffs have engaged in conduct and activities sufficient to estop them from asserting all or any part of the claim set forth in Plaintiffs' Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes and based thereon alleges that the claims and relief sought by Plaintiffs are barred by reason of the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and based thereon alleges that the Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and based thereon alleges that the Plaintiffs waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so as to prejudice this answering Defendant.  Plaintiffs are therefore guilty of laches and are barred from recovery.

### TENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by the contract and/or warranty.  Plaintiffs' performance was a condition precedent to the performance of Defendant's obligations.

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Alteration of Product)

3        The vehicle was not defective or in an unmerchantable condition at any time when it left the

4   possession, custody and control of Defendants.   Any alleged damage or defect to the subject

5   automobile was caused and created by changes and alterations made to the vehicle, subsequent to the

6   vehicle's manufacture and/or sale by persons other than Defendants or any of their agents, servants,

7   or employees, thereby barring Plaintiffs' recovery herein.

8

## TWELFTH AFFIRMATIVE DEFENSE

9

### (Failure to State Cause of Action for Civil Penalties)

10        The First Amended Complaint fails to state sufficient facts to warrant the imposition of civil

11   penalties because it was believed that replacement or repurchase of the subject vehicle was not

12   appropriate under the circumstances then known.

13

## THIRTEENTH AFFIRMATIVE DEFENSE

14

### (Civil Penalties)

15        Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute

16   of limitations contained in the Code of Civil Procedure, specifically, section 340.

17

## FOURTEENTH AFFIRMATIVE DEFENSE

18

### (Consent)

19        The repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have

20   been done with Plaintiffs' consent.

21

## FIFTEENTH AFFIRMATIVE DEFENSE

22

### (Abuse or Failure to Maintain)

23        Plaintiffs are barred from recovery by virtue of Civil Code section 1794.3 since the claimed

24   defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle

25   following sale.

26   ///

27   ///

28   ///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code 1791.1(c)-Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintains a third party dispute resolution process which substantially complies with Civil Code section 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiffs received timely and appropriate notice of the availability of the process. Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.2 and from recovering civil penalties pursuant to Civil Code section 1794((e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs failed to provide notice to this answering Defendant pursuant to Civil Code section 1794(e)(3). Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794((e).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs entered into a binding arbitration agreement with Defendant Ford and/or the dealership from which Plaintiffs purchased the vehicle. Defendant, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

///

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Economic Loss Rule)

3      Because Plaintiffs cannot establish any physical injury directly resulting from any alleged

4  defect or nonconformity in the subject vehicle, Plaintiffs' claims are barred in whole or in part by the

5  economic loss rule.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### (Prevention of Performance)

8      Because Plaintiffs' actions both prevented and excused Defendant's performance under the

9  Song-Beverly Act and any and all applicable warranties, Plaintiffs' claims are barred in whole or in

10  part by the prevention of performance doctrine.

11

## PRAYER

12      WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

13      1.      That Plaintiffs take nothing by way of their Complaint on file herein;

14      2.      That judgment be entered in favor of Defendant for costs of suit; and,

15      3.      For such other and further relief as the Court may deem just and prosper.

16

17  Dated:      January 26, 2022              **WILSON TURNER KOSMO LLP**

18

19                                    By:    _____

20                                           ROBERT A. SHIELDS
                                             KAITLINE E. PRESTON
                                             Attorneys for Defendant
21                                           FORD MOTOR COMPANY

22

23

24

25

26

27

28

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

1  WILSON TURNER KOSMO LLP
   ROBERT A. SHIELDS (206042)
2  KAITLIN E. PRESTON (315631)
   402 West Broadway, Suite 1600
3  San Diego, California  92101
   Telephone:  (619) 236-9600
4  Facsimile:  (619) 236-9669
   E-mail:  rshields@wilsonturnerkosmo.com
5  E-mail:  kpreston@wilsonturnerkosmo.com
   E-mail:  warrantyservice@wilsonturnerkosmo.com
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/26/2022** at 05:34:00 PM
Clerk of the Superior Court
By Aida Cruz,Deputy Clerk

7  Attorneys for Defendant
   FORD MOTOR COMPANY
8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **COUNTY OF SAN DIEGO**

11

12  FRANCISCO J. RODRIGUEZ, an individual,        Case No.   37-2021-00053770-CU-BC-CTL
    and MARTHA Y. ABARCA DE RODRIGUEZ,                       [IMAGED]
13  an individual,
                                                  **PROOF OF SERVICE**
14            Plaintiffs,
                                                  Complaint Filed:  December 27, 2021
15       v.
                                                  Date:
16  FORD MOTOR COMPANY, a Delaware                Time:
    Corporation, and DOES 1 through 10, inclusive, Dept.:      C-71
17                                                Judge:      Hon. Gregory W. Pollack
              Defendants.                         Trial Date:  Not Set
18

19

20

21       I, the undersigned, declare as follows:

22       I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is
    402 West Broadway, Suite 1600, San Diego, California 92101.  I am readily familiar with the
23  business practices of this office for collection and processing of correspondence for mailing with the
    United States Postal Service; I am over the age of eighteen and I am not a party to this action.

24       On January 26, 2022, I served the following document(s), bearing the title(s):

25       **1.      DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS'
                   UNVERIFIED COMPLAINT**

26  ☒   by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope(s) addressed
27      as follows:

28

                                              1
                                        PROOF OF SERVICE

| | |
|---|---|
| Kevin Y. Jacobson<br>Athena Nguyen<br>Quill & Arrow, LLP<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, California  90024 | Attorneys for Plaintiff,<br>*Francisco J. Rodriguez and Martha Y.*<br>*Abarca De Rodriguez*<br><br>Telephone: (310) 933-4271<br>Facsimile:  (310) 889-0645<br>Email:  kjacobson@quillarrowlaw.com<br>Email:  anguyen@quillarrowlaw.com<br>Email:  e-service@quillarrowlaw.com |

☐ (By **MAIL SERVICE**) I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business.  I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.

☐ (By **PERSONAL SERVICE**) I prepared such documents to be delivered personally upon the party, the receptionist or person authorized to receive process for the party to the parties listed above.  Personal service to be accomplished by ☒ attorney service **First Legal** on **\*\*\*\***.

☐ (By **FACSIMILE**) I transmitted the documents by facsimile machine, pursuant to California Rules of Court, Rule 2.306.  The facsimile machine I used complied with Rule 2.301 and no error was reported by the machine.  Pursuant to Rule 2.306 I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons as listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (By **OVERNIGHT CARRIER – NEXT DAY DELIVERY**) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the person listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 26, 2022 at San Diego, California.

_____
Tony Nguyen